# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

United States of America

                Plaintiff

        v.

Evan Dixon

                Defendant

Case 3:15-cr-81(2)

District Judge Thomas M. Rose

___

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION
FOR RELEASE ON ELECTRONIC HOME MONITORING (DOC. 55)**
___

This matter comes before this Court pursuant to Defendant's Motion for Release on Electronic Monitoring (Doc. #55) filed February 12, 2016, subsequent to the Defendant being arrested and ordered detained on July 27, 2015.

Pursuant to 18 U.S.C. 3145 (b) a defendant is entitled to file with this Court a motion for revocation or amendment of a previous detention order, such as that before this Court. The Court is to promptly decide said motion.

Under 18 U.S.C. 3142 (f) this Court in reviewing said detention order must make a determination whether any condition or combination of conditions would reasonably assure the appearance of the Defendant as required and the safety of any other person and community.  In making this determination the Court has considered the factors enumerated under 18 U.S.C. 3142 (g) including the nature and circumstances of the offense charged, the weight of evidence, the history and characteristics of the person and the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release.

The Court must consider these factors in light of 18 U.S.C. 3142 (e) which require that if

the Court finds that there is probable cause to believe that Defendant committed an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substance Act (21 U.S.C. 801 et. seq.), it is presumed that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of others and the community. Of course this presumption is subject to rebuttal by the Defendant.

In this case, the Court in review of the entire record presented at the original detention hearing held by the Magistrate on July 27, 2015, finds that there is probable cause to believe that this Defendant committed the original offenses charged, Count 1 Conspiracy to Possess with Intent to Distribute 21 U.S.C. 841 (a)(1), (B)(1)(c) and 846 which has a prescribed mandatory minimum sentence of ten years imprisonment with a maximum of life imprisonment, Count 2 Possession 21 U.S.C. 841(a)(1) and (b)(1)(c) which has a maximum term of imprisonment of 20 years and Count 5 Possession of a Firearm in Furtherance of a Drug Trafficking Crime 18 U.S.C. 924 (c)(1)(A), which has a mandatory minimum of 5 years of imprisonment with a maximum of life imprisonment to be served consecutive to the other count of conviction. Subsequently Defendant was again indicted several times ultimately resulting in a Second Superseding Indictment with the Conspiracy and Firearm counts. Therefore, this Court presumed, subject to rebuttal, that no condition or combination of conditions will reasonably assure the appearance of this Defendant as required and the safety of others and the community.

In considering the nature and circumstances of the offense charged, the Court notes that the count is a controlled substance offense which alleges very significant amounts. As previously stated, the Court has found probable cause in considering the entire record and weight of the evidence presented.

In addition to the evidence presented in the original detention hearing, evidence was

presented to the Court regarding the Defendant's history, characteristics and possible living arrangements. This evidence was presented by one family member.

Although there is evidence that Defendant does have a place to live, there is also evidence of a criminal history and numerous failures to appear. This history gives the Court concern as to the assurance of Defendant's future appearances as required as well as the safety of Defendant, others and the community. Although the Court has considered the testimony and evidence presented on Defendant's behalf, the Court concludes that the support of family and the availability of a residence does not outweigh the Court's concerns under the 18 U.S.C. 3142(g) factors.

After weighing all evidence and reviewing the entire record, the Court finds probable cause that Defendant has committed the offenses charged in the indictment creating the presumption, under 18 U.S.C. 3142 (e), that there is no condition or combination of conditions that will reasonably assure the appearance of the Defendant as required and the safety of others and the community. The Court also finds that the Defendant has not sufficiently rebutted this presumption and that by clear and convincing evidence the Court does find that there are no conditions or combination of conditions that would reasonably assure the appearance of this Defendant as required and the safety of Defendant, other persons and the community.

Therefore, Defendant's Motion for Release on Electronic Home Monitoring (Doc. #55) is DENIED.

IT IS SO ORDERED.

March 29, 2016                                        **THOMAS M. ROSE**

                                                                    _____
                                                                    THOMAS M. ROSE
                                                                    UNITED STATES DISTRICT JUDGE